IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE W., In Her Individual Capacity, And In Her Capacity As The Personal Representative Of The Estates Of Her Relatives, James W. Julie W., And Jen W., et al., | CIVIL ACTION |
| Plaintiffs, | NO. 18-0569 |
| v. | |
| MOSES W. THOMAS, | |
| Defendant. | |

## ORDER

**AND NOW**, this __17th__ day of December, 2018, upon consideration the Motion of Plaintiffs Jane W, John X, John Y, and John Z for Leave to Proceed Anonymously ("Motion to Proceed Anonymously") (Doc. 15) and Defendant's Motion in Opposition of Plaintiffs' Motion for Leave to Proceed Anonymously ("Opposition Motion") (Doc. 18),[1] **IT IS HEREBY ORDERED AND DECREED** that Plaintiffs' Motion to Proceed Anonymously is **GRANTED** and Defendant's Opposition Motion is **DENIED**.[2]

**BY THE COURT:**

**/s/ Petrese B. Tucker**

**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] In the future, parties opposing a pending motion shall submit a response in opposition to the pending motion and an accompanying brief or memorandum consistent with Local Rule of Civil Procedure 7.1(c). The parties shall refrain from opposing pending motions by filing a separate "motion in opposition."

1

[2] At this time, the Court concludes that Plaintiffs' request to proceed anonymously is justified under the Third Circuit's nine factor balancing test articulated in *Doe v. Megless*, which is used to evaluate the propriety of such requests for anonymity. 654 F.3d 404 (3d Cir. 2011).

In *Megless*, the Third Circuit recognized a non-exhaustive list of nine factors that should inform a court's decision about a party's request to proceed anonymously, in contravention of the general preference for disclosure. The nine-factor list may be divided into two categories: factors weighing in favor of anonymity, and factors weighing against anonymity. Those factors that weight in favor of anonymity are:

> (1) the extent to which the identity of the litigant has been kept confidential;
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). Those factors that weigh against anonymity are:

> (1) the universal level of public interest in access to the identities of litigants;
> (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and
> (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* It is within the Court's discretion to determine whether to grant a request for anonymity after weighing these factors. *Id.* at 410.

In this case, the Court concludes that each of the first six factors of the *Megless* test weigh in favor of granting Plaintiffs' request for anonymity and that the last three factors of the test—which might weigh against anonymity—are nonexistent or are otherwise not significant enough to tilt the balance against granting anonymity.

First, Plaintiffs have taken steps to maintain their confidentiality. Indeed, Plaintiffs assert that only Plaintiffs' counsel know their identities. Pls.' Mem. Supp. Mot. Proceed Anonymously 7, Doc. 15-1.

Second, Plaintiffs' fear of violent retaliation is reasonable and justified. *See generally* Order and Mem. Op., Docs. 25, 26 (discussing Plaintiffs' allegations, taken as true at the pleadings stage, relating to their fears of violent reprisal).

Third, the public would benefit from permitting Plaintiffs to proceed anonymously in this case because doing so would encourage Plaintiffs to pursue their claims under the Torture Victim Protection Act and the Alien Tort Statute, which were designed to provide redress to victims of human rights abuses in the United States. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 106 (2d Cir. 2000) (recognizing that in enacting the TVPA, Congress "has expressed a policy of U.S. law" in adjudicating human rights abuses "in U.S. Courts.").

Fourth, the use of pseudonyms here will not interfere with the public's ability to follow these proceedings. The docket in this case, and all filings, are publicly available. Accordingly, any person in the public may follow this case with ease.

Fifth, denying Plaintiffs' anonymity in this case will discourage Plaintiffs from pursuing their claims given their legitimate fears of retaliation. *See generally* Order and Mem. Op., Docs. 25, 26 (discussing Plaintiffs' allegations, taken as true at the pleadings stage, relating to their fears of violent reprisal).

Sixth, the Court discerns no ulterior or illegitimate motives for Plaintiffs' request for anonymity. Plaintiffs' request for anonymity appears consistent with their allegations in their Complaint relating to the violence and political turmoil resulting from Liberia's two civil wars. *See generally* Compl., Doc. 1.

The final three factors of the *Megless* standard that would weigh against anonymity are not present or are not significant enough to outweigh the first six factors that support anonymity. First, disclosure of Plaintiffs' identities in this case would add little value to the public's interest in following the proceedings because the individual identities of the Plaintiffs are not necessarily relevant to the potential legal outcomes of litigation in the same way that a plaintiff's identity might be directly relevant to a defamation case, for example. Second, Plaintiffs are not public figures, but rather, are survivors and relatives of allegedly unarmed civilians killed during the first Liberian civil war. Comp. ¶ 9, Doc. 1. Third, other than Defendant, no other interested person has interceded in this case to object to Plaintiffs' request to proceed anonymously—no one from the public, and no one from the press.

In short, the factors of the *Megless* balancing test weigh in favor of Plaintiffs' request for anonymity. Therefore, Plaintiffs' Motion to Proceed Anonymously is GRANTED.